1

2

3

4

5

6

7                           **UNITED STATES DISTRICT COURT**

8                               **DISTRICT OF NEVADA**

9

10    JEROME BROWN,                              )
                                                 )
11                              Plaintiff,        )      Case No. 2:05-CV-01122-JCM-GWF
                                                 )
12    vs.                                         )      **FINDINGS & RECOMMENDATIONS**
                                                 )
13    WARDEN, HIGH DESERT STATE                   )
      PRISON, et al.,                             )
14                                                )
                                Defendants.       )
15    _____  )

16          This matter is before the Court on Plaintiff's Motion to Issue Indictments to the Defendants

17    (#15), filed on July 14, 2006 and Defendants' Opposition to Plaintiff's Motion to Issue Indictment to

18    the Defendants (#16), filed on July 28, 2006.

19          Also before the Court is Plaintiff's Defaulted Motion Against Defendants C/O  J. Bean and C/O

20    Jeremy Jackson (#17), filed on August 14, 2006 and Defendants' Opposition to Plaintiff's Defaulted

21    Motion Against Defendants C/O  J. Bean and C/O Jeremy Jackson (#18), filed on August 15, 2006.

22                                        BACKGROUND

23          Plaintiff filed a Complaint on November 1, 2005.  Plaintiff then filed an Amended Complaint on

24    November 30, 2005 alleging that correctional officers Bean and Jackson used excessive force against

25    him without justification while they were escorting him from his housing unit to the administrative

26    offices of the prison due to his refusal to follow a direct order issued by Officer Bean.  Plaintiff also

27    alleges that while he was handcuffed and walking without resistence, the officers stopped and assaulted

28    him, grabbing him by the arms, picking him up, and driving his face into the pavement,

1   knocking him unconscious.  Plaintiff states that when he awakened in a cell in the administrative

2   section of the prison, his head and hip were injured and his face was bloody.  On March 1, 2006, the

3   Honorable James C. Mahan ordered that Plaintiff's Amended Complaint may proceed on a claim of

4   excessive force against Defendants Bean and Jackson only.  Judge Mahan further ordered that the

5   Office of the Attorney General of the State of Nevada advise the Court whether the Office of the

6   Attorney General could accept service of process for Defendants Bean and Jackson.  If the Office of the

7   Attorney General accepted service of process for Defendants Bean and Jackson, such Defendants would

8   then be required to file and serve an answer to Plaintiff's Amended Complaint by April 30, 2006.  On

9   March 21, 2006, the Office of the Attorney General gave Notice to this Court that they could not accept

10   service of process for Defendants Bean or Jackson because it was not clear which Bean or Jackson was

11   the proper Defendant.  Plaintiff subsequently filed a Motion to Issue Indictments to the Defendants on

12   July 14, 2006.  Plaintiff then filed a Defaulted Motion Against Defendants J. Bean and Jeremy Jackson

13   on August 14, 2006.

14                                                    DISCUSSION

15          Pursuant to Fed. R. Civ. P. 4(c)(1), the plaintiff is responsible for service of summons and

16   complaint within the time allowed under subdivision (m).  Pursuant to Fed. R. Civ. P. 4(m), plaintiff

17   has 120 days to serve defendant the summons and complaint.  Plaintiff filed his Amended Complaint on

18   November 30, 2005, and therefore, Plaintiff had until March 30, 2006, to serve the Defendants his

19   Complaint.  Because the Office of the Attorney General gave Notice that they could not accept service

20   of process for Defendants Bean or Jackson, Plaintiff was then responsible for service of summons and

21   complaint within 120 days.  Pursuant to Fed. R. Civ. P. 4(m), if the service of summons and complaint

22   is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion

23   or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.  If the

24   plaintiff can show good cause for the failure to serve the complaint to the defendant, the court shall

25   extend the time for service.  *Id.*  To this date, Plaintiff has still not served Defendants Bean or Jackson

26   the summons and complaint.  Plaintiff has not shown good cause for failure to serve the complaint to

27   Defendants Bean or Jackson.  Accordingly,

28   ...

1      **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Issue Indictments to the

2   Defendants (#15) is **DISMISSED** without prejudice.

3      **IT IS FURTHER RECOMMENDED** that Plaintiff's Defaulted Motion Against Defendants

4   C/O  J. Bean and C/O Jeremy Jackson (#17) **DISMISSED** without prejudice.

5      DATED this 12th day of February, 2007.

6

7   _____
    **GEORGE FOLEY, JR.**

8   **UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28